IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA M. SMITH,

    Plaintiff,                                        No. CIV S-10-0316 KJM DAD

    vs.

NDSC, INC., an Illinois Corporation,
and DOES 1 through 100, inclusive,                 ORDER

    Defendants.
_____/

        On April 7, 2010, the court issued a pretrial scheduling order, providing that all dispositive motions were to be heard no later than June 10, 2011.  ECF No. 14 at 3, ¶ VI.  The docket text summarizing the order reads "dispositive motions filed by 6/10/2011."  ECF No. 14 (text entry).  The court amended the scheduling order on March 4, 2011, but changed only the dates for final pretrial conference, from August 19, 2011 to August 24, 2011, and trial, from October 25, 2011 to October 24, 2011.  ECF No. 16.

        On June 10, 2011, defendant NDSC filed a motion for summary judgment and noticed it for hearing on August 31, 2011.  ECF Nos. 18-21.  The court issued a minute order on June 13, 2011, notifying the parties that the motion would not be heard because it was filed beyond the deadline for dispositive motions and even beyond the date set for final pretrial conference.  ECF No. 23.

1	On June 14, 2011, defendant filed an *ex parte* application to amend the pretrial scheduling order and set a date for a hearing on its motion for summary judgment. Counsel explained that she reviewed both the pretrial order and the docket text without noting the discrepancy; that the email containing the docket text was forwarded to her law firm's docketing department, which recorded June 10, 2011, as the last day to file dispositive motions; that counsel relied on the docketing department for deadlines in this case; that defendant will suffer "extreme prejudice" if the motion for summary judgment is not heard. Declaration of Sara S. Zorich ¶¶ 2-6, 10.

Plaintiff has opposed the request, arguing that defendant's calendaring misinterpretation and mistake do not justify amending the scheduling order. ECF No. 28 at 3.

A court has the discretion to modify a pretrial scheduling order, but to justify such an amendment a party must show "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This standard focuses on "the diligence of the party seeking the amendment" of the scheduling order. The district court may modify the schedule "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Advisory Committee Notes to FED. R. CIV. P. 16). Finally, "carelessness is not compatible with a finding of diligence. . . ." *Id.* at 609. Counsel's declaration shows only that both she and her docketing department were careless in reading and interpreting the court's order even to the point of setting the motion for hearing on a date after that scheduled for the final pretrial conference. This does not justify the amendment defendant seeks to allow it to pursue summary judgment. *Escoto v. Foremost Superior Marble, Inc.*, 2009 WL 2905784, at *1 (E.D. Cal. 2009); *see also McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) (court must "zealously guard[] an employee's right to a full trial" in ruling on summary judgment motions in employment discrimination cases because such claims "are frequently difficult to prove with a full airing of the evidence . . . .").

/////

1 IT IS THEREFORE ORDERED that defendant's ex parte application (ECF
2 No. 24) for an order amending the pretrial scheduling order is denied.
3 DATED: June 30, 2011.

_____
UNITED STATES DISTRICT JUDGE

25 2
26 smit0316